The State of Iowa, Appellee, v. Claud L. Chase, Appellant.

1. Evidence: secondary: when admissible. Where a chattel mortgage, which was in the defendant's possession, was material as evidence for the plaintiff, and the defendant and his counsel had been served with notice to produce it on the trial, which they failed to do, and, in response to the question of the court, as to what answer he had to make to the notice, the defendant's counsel replied, "Not any," *held*, that there was no error in admitting the official record of the mortgage, when offered by the plaintiff.

2. Instructions to jury: whole charge to be considered. Where, in a criminal prosecution, the intent to defraud was an essential element of the crime charged, and the court so instructed the jury in one paragraph of the charge, it was not error to omit this element of the crime in subsequent paragraphs, when the whole charge, taken together, clearly and correctly defined the crime.

*Appeal from Madison District Court*—Hon. A. W. Wilkinson, Judge.

Thursday, October 5, 1893.

The defendant was indicted, tried and convicted of the crime of obtaining money by false pretenses, and judgment entered against him, from which he appeals. *Affirmed.*

*A. R. Dabney*, for appellant.

*John Y. Stone*, Attorney General, for the State.

Given, J.—I. The appellant complains that on the trial the court admitted in evidence, over his objection,

1. Evidence: secondary: when admissible.

the record of a chattel mortgage as found in the chattel mortgage records of Madison county. The objection insisted upon is that the record was not the best evidence. The appellee's additional abstract shows that the note secured

by this mortgage had been paid off, that the note and mortgage had been surrendered to the defendant, the maker; and that notice had been served upon the defendant and his counsel to produce said mortgage at the trial. This he failed to do. That when the notice was introduced in evidence to the court, the court inquired of counsel for the-defendant, "What response have you to make in reference to the production of the papers?" to which he answered, "Not any," whereupon the objection was overruled. There was no error in overruling the objection. If the defendant or his attorney did not have the mortgage, counsel should have so responded; and if they did have it they should have produced it, or submitted to the use of the secondary evidence.

II. The appellant contends that the court failed to instruct that the false pretenses alleged must have been made with intent to defraud. It is conceded that the court did so instruct in the fifth paragraph of the charge, but the complaint is that this element of the crime, namely, intent to defraud, was omitted in subsequent paragraphs. The instructions must be taken together, and, when so taken, correctly and clearly define the offense charged.

2. INSTRUCTIONS to jury: whole charge to be considered.

III. The appellant's remaining contention is that " the court erred in directing the attention of the jury to the facts sought to be established by the appellee to the exclusion of any reference whatever to the facts sought to be established by the appellant." An examination of the instructions fails to sustain this complaint. There is no statement of the facts as sought to be established by the state, further than was necessary to a correct presentation of the issues, and what was required to be established to convict.

The judgment of the district court is AFFIRMED.